## THE PENINSULA CORPORATION ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF NEW FAIRFIELD

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 12—decided July 12, 1962

*Richard Hanna,* for the appellant (named plaintiff).

*William W. Sullivan,* for the appellee (defendant).

MURPHY, J. The Peninsula Corporation, hereinafter referred to as the plaintiff, is the owner of land in New Fairfield which is part of a peninsula which juts into the northeast section of Lake Candlewood. The corporation has sold about

twenty-five lots in its original holdings to various individuals, including seven persons who joined as coplaintiffs in the complaint. These seven lot owners, and others similarly situated, applied to the defendant for permits to build on their properties, but their requests were denied on the ground that the plaintiff had not filed a map of its property as a subdivision, as required by the planning regulations adopted by the defendant. Three other lot owners had been issued building permits by the defendant and had constructed dwellings thereunder. The refusal of the defendant to issue the permits has thwarted the plaintiff in its effort to sell the lots still owned by it.

In this action, the plaintiff sought a declaratory judgment determining whether its property is a subdivision and, if so, the extent to which the subdivision regulations apply to the property. The individual plaintiffs, one of whom withdrew, sought a judgment directing the issuance of building permits to them. The trial court refused to order that the permits be issued, on the ground that no appeal by the individual plaintiffs had been taken to the zoning board of appeals from the action denying the permits. The court also stated in its memorandum of decision that the plaintiff was not entitled to seek a declaratory judgment "until it had appealed the action of the zoning and planning board to the zoning board of appeals and said board had acted when its (plaintiff's) rights had thus become complete and final." Judgment was rendered for the defendant. Only the Peninsula Corporation has appealed. Thus, the sole question on this appeal is whether that plaintiff is entitled to seek a declaratory judgment determining whether its property constitutes a subdivision.

The trial court has made a finding of facts and of the conclusions which it has drawn from them. Because of the limited scope of this appeal, the finding, if one was necessary, should have been confined to the issues germane to the plaintiff's case and should not have included those pertaining to the claims of the individual plaintiffs. The record contains an agreed statement of facts. If the case had been submitted on this statement, no general finding would have been required. *Sheldon House Club, Inc.* v. *Branford,* 149 Conn. 28, 30, 175 A.2d 186; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 64, 127 A.2d 48; *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1; *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 53 A.2d 655; *Dion* v. *Dion,* 128 Conn. 416, 417, 23 A.2d 314. The statement relates that two witnesses testified for the plaintiff, that two exhibits were introduced in evidence, and that the court viewed the premises. Neither the memorandum of decision nor the finding makes reference to the statement. We are at a loss to determine the basis for the court's findings, since the general finding has served to becloud the issues. Where evidence is received in a case in which a stipulation of facts is filed, only a limited finding of subordinate facts should ordinarily be made, restricted to facts exclusive of those in the stipulation, and the conclusions should be reached from all proper factual sources. *Sheldon House Club, Inc.* v. *Branford,* supra.

The plaintiff maintains that its property is not a subdivision. It has filed no maps or other documents with the defendant as a planning commission. The trial court, in its conclusions, holds that an application has to be filed by the plaintiff with the

planning commission to determine whether the property is a subdivision and that the matter must be decided by the planning commission before the plaintiff can have recourse to the courts. We find no such requirement in the General Statutes. Section 8-18 defines a subdivision. Sections 8-25 and 8-26 provide that no subdivision of land shall be made until a plan therefor has been approved by the commission. In other words, the commission does not decide whether any particular property is a subdivision; its function is to approve, or modify and approve, or disapprove, the plan of a claimed subdivision in accordance with the provisions of the General Statutes and the regulations adopted thereunder. An appeal from the official action of the planning commission is provided for by § 8-28. The conclusions of law of the trial court and the statement in its memorandum of decision are equally erroneous. A new trial will be required to determine in the first instance whether the plaintiff is entitled to a declaratory judgment and, if it is, whether its property is a subdivision.

There is error as to the judgment against the plaintiff The Peninsula Corporation, the judgment as to it only is set aside and a new trial is ordered as to it.

In this opinion the other judges concurred.