FRANK J. DOOLEY *v.* TOWN PLAN AND ZONING
COMMISSION OF THE TOWN OF FAIRFIELD

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 2—decided October 29, 1963

*John J. Darcy,* for the appellant (defendant).

*Hereward Wake,* for the appellee (plaintiff).

COMLEY, J. On March 21, 1961, Frank J. Dooley and Edward W. Dooley applied to the town plan and zoning commission of Fairfield for approval of the subdivision of property owned by them, not jointly, but in part by each. Attached to the application was a preliminary map, dated March 14, 1961. This map discloses that before 1957 the entire

tract of more than seven acres was owned by Edward. During that year, he made two conveyances to Frank, the first comprising the portion now designated as lots 1 and 2 on the map, and the second, lot 3. Edward retained lot 4 for himself and still owns it. The following sketch shows the layout of the lots.

Frank still owns lot 1. Apparently lots 2 and 3 are now owned by third parties, but the record does not indicate when these conveyances were made or to whom, nor does it appear when the houses shown on these two lots were built or by whom.

There is no record of any formal hearing on this application. The minutes of an executive session of the commission held on April 11, 1961, contain the following recital: "The Commission then took up the proposed subdivision submitted by Frank Dooley for 4 lots off Osborne Lane and Gray Rock Road in Residence 'R-3' District." Preliminary approval was then given to the "proposed subdivision" as shown on the map, provided there was a revision of the plan to show a continuation of Gray Rock Road across the northerly portion of lot 1.

There was thus injected into an early stage of these proceedings an ambiguous statement of the issues before the commission. There was no application for the approval of a proposed subdivision of Frank's property. The only property owned by Frank was lot 1, having an area of 1.65 acres. The application before the commission was made by both Frank and Edward for the approval of a subdivision of the entire seven-acre tract into the four lots delineated on the map. This was not a "proposed" subdivision. If it was a subdivision at all, it was one already made without authority and therefore illegal. It is not the function of a planning commission to decide whether certain property constitutes a subdivision. *Peninsula Corporation* v. *Planning & Zoning Commission*, 149 Conn. 627, 630, 183 A.2d 271. Its statutory powers are limited to the approval, modification or disapproval of a subdivision which is planned or proposed, not of a subdivision already made illegally and without au-

thority. General Statutes §§ 8-25, 8-26. The application by Frank and Edward to the commission was not within its jurisdiction and should have been denied.

The parties perpetuated and amplified the mistaken conception which originated with the commission and induced the trial court to do likewise. Frank was aggrieved by the order of the commission requiring him to devote a portion of lot 1 to a continuation of Gray Rock Road, and he took an appeal to the Court of Common Pleas, claiming that the requirement was invalid. The defendant joined issue on this claim of invalidity, and the matter was thus submitted to the court. In the opening paragraph of its memorandum of decision, the court indicates its misconception by stating that the application made to the commission was one for the proposed subdivision of lot 1 into four lots. The court sustained Frank's claim as to the invalidity of the condition concerning Gray Rock Road and directed the commission to proceed on the application in accordance with law.

It is unnecessary for us to decide whether the ruling of the court concerning the condition imposed by the commission was correct, since in our view there was no application before the commission or before the court on which any order or judgment, conditional or otherwise, could be based.

There is error, the judgment is set aside and the case is remanded for the rendition of a judgment returning it to the town plan and zoning commission of Fairfield with direction to deny the application.

In this opinion the other judges concurred.