PENINSULA CORPORATION ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF NEW FAIRFIELD

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 4—decided March 3, 1964

*Richard W. Hanna,* for the appellant (named plaintiff).

*William W. Sullivan,* for the appellee (defendant).

MURPHY, J. The named plaintiff has appealed from a judgment declaring that property it purchased in 1958 in New Fairfield is a subdivision as defined in the planning regulations of the town. The action, which was instituted in 1961, was submitted on an agreed statement of facts. It is unnecessary to repeat the facts, since the basic ones appear in *Peninsula Corporation* v. *Planning & Zoning Commission,* 149 Conn. 627, 183 A.2d 271.

Planning regulations were adopted by New Fairfield in 1948. Amendments to these regulations are not in any respect material to the question before us. Section 1 of the regulations, since 1948, has had this definition: "*Subdivision* means the division of a tract or parcel of land into three or more lots in such a manner as to require provision for a street or streets whether immediate or future for the purpose of sale or building development, and shall include, re-subdivision of parcels already laid out and approved."

When the regulations were adopted in 1948, the

pertinent definition of a subdivision was to be found in § 105i of the 1947 Supplement to the General Statutes, which stated that " 'subdivision' shall mean the division of a tract or parcel of land into three or more lots for the purpose, whether immediate or future, of sale or building development expressly excluding development for agricultural purposes, and shall include resubdivision." This statutory definition has remained substantially unchanged. General Statutes § 8-18.

Both the parties and the court have acted under the assumption that the definition of "subdivision" in the planning regulations governed the decision in this case. We do not adopt that view. The authority in 1948 for the adoption by a planning commission of regulations governing the subdivision of land was § 110i of the 1947 Supplement, and it specifically stated the subjects to be covered by the regulations. Those subjects have since been expanded. General Statutes § 8-25. There was not, however, in 1948, and there is not now, any provision in the statutes authorizing a planning commission to adopt as a regulation a definition of "subdivision" which in any way modifies, restricts or enlarges upon the statutory definition. Absent such authority, the definition in the statute must control the determination of the question in this case. *State ex rel. Huntington* v. *McNulty,* 151 Conn. 447, 449, 199 A.2d 5. There is therefore no need to consider the plaintiff's contention that the peculiar topography and location of the subject property on the peninsula, which juts into Lake Candlewood, render inoperative the provision in the regulations which makes the need of a street or streets a determinative factor in the decision whether a particular property is a subdivision.

Since 1958, when the plaintiff acquired 89.3 acres on the peninsula, it has sold twenty-three plots to various purchasers. It still retains three separate plots having a combined frontage of over 900 feet on the lake. In 1958, it had, and it still has, a tract or parcel of land containing three or more lots for sale or building development. Such a tract is a subdivision. General Statutes § 8-18. The trial court reached the right result but for the wrong reason.

There is no error.

In this opinion the other judges concurred.