WALTER J. SHEA ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WATERFORD ET AL.

COURT OF COMMON PLEAS    NEW LONDON COUNTY    FILE NO. 18259

Memorandum filed April 1, 1964

*Francis F. McGuire* and *Joseph E. Moukawsher,* of New London, for the plaintiffs.

*Suisman, Shapiro & Wool,* of New London, specially for defendants Deedy.

*Sistare & Regan,* of New London, for the named defendant.

LUGG, J. The above entitled matter purports to be an appeal from the defendant zoning board of appeals of the town of Waterford. Paragraph 1 of the complaint therein states: "On March 14, 1963, one Donald D. Deedy applied to . . . [that] Board . . . for an order reversing an order of the Building Inspector of said Town that a certain lot of land . . . was being used by said . . . Deedy in violation of the zoning ordinances of the Town, the claim of . . . Deedy being that his use thereof was a valid, nonconforming use." The complaint further goes on to say that the board "granted said application" and that the plaintiffs, who are two adjoining landowners of the lot in question, are aggrieved by the decision of the board. To this, the defendants Deedy filed a plea in abatement, the ground thereof being that the plaintiffs have not taken this appeal "within fifteen days from the date when such decision was rendered" as provided in § 8-8 of the General Statutes. At the oral argument on this plea and as appears in their briefs, the parties construed the issue to be whether the instant appeal was governed by § 8-8 or by § 8-7 of the General Statutes. It thus became necessary, as this court pointed out to counsel at that time and as they agreed, to understand what was the action of the board, in turn necessitating a reference to the record. In the view this court has taken in the matter it is unnecessary to determine the question as presented by counsel since it appears to this court, as set out below, that we should have no cognizance of this appeal.

Despite the language used in the complaint, the matter heard before the defendant zoning board of appeals was not an appeal from the action of the zoning and building inspector. It is completely apparent from the transcript of the hearing before the board and the other material in the file that all concerned were confused themselves as to the na-

ture of what they were doing. The application of the zoning board of appeals of the town of Waterford ([a] of the return) is the starting point of this analysis. It is a mimeographed form addressed to the board which offers the applicant three alternative claims to the board with a direction to strike out those which are not appropriate. This was not done, which is not helpful on the true nature of this proceeding. Where the application requests the applicant to indicate the order or decision complained of or the appropriate section of the zoning regulations, there is an irrelevant reference to § 8-2 of the General Statutes. Inserted in handwriting after the printed sentence, "The applicant requests the Board to take the following action," is "Permission for maintenance and storage operation in the same area of land as used in 1954. R-A. M Zone (unzoned prior to 1954)." The same language as the last quoted material appears in (b) of the return, which is a copy of the advertisement of the hearing placed in the New London "Day." Other references to this matter along the same line are found in other exhibits in the return.

What the board thought it was acting on and purported to act upon appears from the transcript. At the start of the hearing before the defendant board of appeals, the chairman, Miss Rose, asked a member of the board, Mr. Phillips, to explain why the case was before them. The response is decisive: ". . . he [Donald Deedy] is not appealing from the decision of the building inspector, and he is not appealing from any section of the zoning ordinance; it is my interpretation this is more or less for clarification . . . ." Later, Phillips said again, "He is not appealing from any section of the zoning ordinance . . . . Well, I would take that to mean that Mr. Deedy, of course, is claiming a nonconforming right here." It is apparent that this

view was acquiesced in by the defendant Deedy through his attorney in responding to Phillips' statement of the issue. The transcript is replete with references indicating that it was the understanding of all those present, including these plaintiffs, that what was transpiring was a discussion of whether or not Deedy had a nonconforming use in this particular lot. The town counsel made an unsuccessful attempt to get the issue stated. At one point Deedy's attorney said, "So the question is, does Mr. Deedy have a nonconforming use on his property at 113 Old Colchester Road? I would say to frame the issue as succinctly as I can."

The powers and duties of a board of appeals are set forth in § 8-6 of the General Statutes. Whatever this hearing was, it was not within subsection (1) of that law, since there was no allegation or complaint by Deedy that there was an error in any order, requirement or decision made by the official charged with the enforcement of chapter 124 of the General Statutes, or any bylaw, ordinance or regulation order of that chapter. Even if we were to accede to plaintiffs' construction of the proceeding before the board of appeals as an application for an order reversing some action of the building inspector, it would not help the plaintiffs. The notice of the hearing before the board contained no indication that Deedy was seeking any such action. The board therefore had no jurisdiction to grant such an order, and any attempt on its part to do so would be void. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88 (1955). Equally obviously, it does not fall within subsection (2), since it is, by no stretch of the imagination, a special exception. Counsel for defendant Deedy apparently thought that it was to determine the application of the zoning laws and hence justifiable under subsection (3). This does not follow, since that subsection deals with variances, and this

matter, of course, was nothing of the kind, nor did any of Deedy's claims or proof purport to make it so. There was some reference by Phillips again that this proceeding involved a determination of article 4 of the zoning "law," meaning, undoubtedly, the zoning regulations. The only reference this could have had was to article 7, subsection (4), "Board of Appeals," of the regulations. This is nothing but a reprint of § 8-6 of the General Statutes as far as the powers and duties of the board are concerned, and the analysis above reapplies.

It thus appears that what the board was asked to do and what it purported to do was to pass upon whether or not the Deedys had a valid nonconforming use and, if so, the extent thereof. This issue, however, was not presented to the board in any manner cognizable under the act or the regulations. It may be noted passim that a proper cease and desist order from the building inspector and an appeal therefrom might have placed it before the board, but this was not done. Absent the exercise of one of its statutory powers, the board was acting gratuitously. "The application . . . [by Deedy to the board of appeals] was not within its jurisdiction and should have been denied. . . . [S]ince in our view there was no application before the . . . [board] or before the court on which any order or judgment . . . could be based . . . the case is . . . [ordered returned] to the . . . [board of appeals] with direction to deny the application." *Dooley* v. *Town Plan & Zoning Commission*, 151 Conn. 151, 154.