[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The plaintiff, Ronald K. Goodridge, is the record owner of a 2.63 acre parcel located on Walnut Tree Hill Road, Newtown.
The defendants, Richard and Holly Gottmeier, own property abutting the Goodridge property, and utilize that property as a single family residence.
The Goodridge property resulted from a division of a larger parcel owned by the plaintiff, Albert R. Taubert, in August of 1995. Both parcels are reflected on a map prepared for Albert R. Taubert, approved for recording on August 30, 1995 (Rec. 12(f)).
On August 3, 1995, Attorney Stephen D. Wippermann submitted an affidavit, along with three copies of the record map (Rec. 12 (f)).
In the affidavit, Attorney Wippermann stated that the proposed division of property was a"first cut."
The affidavit did, however, make specific reference to the transfer of a 0.005 acre portion of the 4.85 acre parcel to Julia Wasserman in June of 1969 (Rec. 12(j)), as part of the transfer of an adjoining parcel.
The 4.85 acre parcel, less the section transferred to Julia Wasserman, was transferred to Aveve Cohen in March of 1972 (Rec. 12(k)), before title was taken by Albert R. Taubert in August, 1987 (Rec. 12(v)).
Taubert transferred Parcel B to the plaintiff, Ronald K. Goodridge, on May 23, 1996 (Exhibit 1), and took back a mortgage in the amount of $60,000 that same day (Exhibit 2).
The mortgage provided that interest only would be paid for a period of five years, payable annually at the rate of 8 percent.
Following receipt of the record maps, along with the affidavit from Attorney Wippermann, the zoning enforcement officer approved the map for recording on August 30, 1995 (Rec. 12(v)). CT Page 8756
The approval is authorized under § 6.02 of the Land Subdivision Regulations of the Town of Newtown, provided the division of a piece of property is the only division of that property occurring after February of 1956, when Newtown first adopted subdivision regulations.
On April 12, 1996, Attorney Robert Hall, representing the defendants, Richard and Holly Gottmeier, wrote to the zoning enforcement of official, claiming that map 6734 (Rec. 12(v)) constituted an illegal subdivision.
The letter placed the zoning enforcement officer on notice of the Gottmeiers' claim, and contained an opinion that a zoning permit could not be legally issued, in light of the illegal subdivision (Rec. 12(r)).
The town attorney initially agreed that the map constituted an illegal subdivision (Rec. 12(p)), but later rendered an opinion sanctioning the issuance of a zoning permit (Rec. 12 (o)).
Thereafter, in May of 1997, the plaintiff, Ronald K. Goodridge, obtained approval for a construction permit to remove 2500 cubic yards of earth materials, and construction of a driveway (Rec. 12(e)).
On June 20, 1997, the defendant, Richard Gottmeier, filed an appeal of the zoning enforcement officer's decision with the Newtown Zoning Board of Appeals.
After hearing, at a meeting on January 7, 1998, the Newtown Zoning Board of Appeals unanimously sustained the defendant Gottmeier's appeal, citing three reasons for the decision (Rec. 16, p. 2):
 1."Parcel B," the land for which the permit had been issued, was [not] created by a"first cut," but rather, by a" second cut" of the property. Because the former 4.85 acre parcel had already been divided by the sale of a 0.005 acre piece to Mrs. Wasserman in 1969, a division of the remaining 4.845 acres, as shown on the map (Exhibits 1A and 13), into parcels A and B would be a"second cut," which could only be legally accomplished by the subdivision process.
 2. No subdivision approval by the Planning Zoning CT Page 8757 Commission was obtained to create the lot for which the permit has been issued.
 3. Since construction permits may not be lawfully issued in the absence of compliance with all land use regulations, and since the parcel to be served by the permit did not comply with subdivision requirements, the permit was improperly issued by the Zoning Enforcement Officer.
From that decision, the plaintiffs, Ronald K. Goodridge and Albert R. Taubert, have appealed.
 II AGGRIEVEMENT
The plaintiff, Ronald K. Goodridge, is the record owner of the parcel which is the subject of this appeal, having acquired title from Albert R. Taubert by deed recorded at Volume 533, pages 234-35, of the Newtown land records (Exhibit 1).
A party claiming aggrievement must satisfy a twofold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as a concern of all members of the community as a whole, and (2) the party must show that this specific personal and legal interest has been injuriously affected by the decision. Cannavo Enterprises, Inc. v. Burns,194 Conn. 43, 47 (1984); Hall v. Planning Commission, 181 Conn. 442,444 (1980); Primerica v. Planning Zoning Commission,211 Conn. 85, 92-93 (1989); DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 374 (1991).
The plaintiff Ronald K. Goodridge's ownership of the property establishes a specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands WatercoursesAgency, 203 Conn. 525, 530 (1987).
The Gottmeiers' appeal of the granting of the construction permit, and the action of the Newtown Zoning Board of Appeals sustaining the appeal, restricts the plaintiff Goodridge in the use of his property. Therefore, his personal and legal interest has been injuriously affected.
The plaintiff, Ronald K. Goodridge, is therefore aggrieved by CT Page 8758 the decision of the Newtown Zoning Board of Appeals.
Because one plaintiff is aggrieved, the court has subject matter jurisdiction. It is therefore unnecessary to resolve whether the remaining plaintiff is also aggrieved. ConcernedCitizens of Sterling. Inc. v. Connecticut Siting Council,215 Conn. 474, 479 (1990); Protect Hamden/North Haven from ExcessiveTraffic Pollution. Inc. v. Planning Zoning Commission,220 Conn. 527, 529 N.3 (1991); Nowicki v. Planning Zoning Board,148 Conn. 492, 495 (1961).
However, it should be noted that the plaintiff, Albert R. Taubert, as the holder of a mortgage on the subject property, must demonstrate more than that fact alone in order to prove aggrievement. He must prove, consistent with the test for classical aggrievement, that his mortgage interest has been adversely affected by the zoning board of appeals decision. R RPool Home, Inc. v. Zoning Board of Appeals, 43 Conn. App. 563,572-73 (1996).
The warranty deed (Exhibit 1) contains no express warranty that the property is a legal building lot.
Title was taken by the plaintiff, Ronald K. Goodridge, subject to"[a]ny and all provisions of any ordinance, municipal regulation or public or private law, inclusive of zoning, building, and planning laws, rules, and regulations as established in and for the Town of Newtown."
There is no evidence that the mortgage has been adversely affected, based upon any reduction in the value of the property, as a result of the action of the zoning board of appeals.
The mortgage instrument, by its terms, limits the right of the plaintiff Taubert to collecting interest only until the year 2001 (Exhibit 2).
Therefore, in the absence of the plaintiff, Ronald Goodridge, this appeal could not be maintained, in that Albert R. Taubert is not aggrieved. His interest has not been specifically and injuriously affected.
 III SCOPE OF REVIEW CT Page 8759
Section 8-6 (a)(1) of the Connecticut General Statutes provides that a zoning board of appeals has power:
 [t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter. . . .
An appeal must be taken by filing with the zoning board of appeals, within 30 days, a notice of appeal, including the grounds for the appeal. Section 8-7 of the Connecticut General Statutes.
Here, the zoning enforcement officer issued a construction permit, to the plaintiff Ronald K. Goodridge, by way of a letter dated May 22, 1997.
On June 20, 1997, the defendant, Richard Gottmeier, filed a timely appeal of the zoning enforcement officer's decision to issue the construction permit, pursuant to the Newtown sand and gravel regulations (Rec. 20).
The appeal was properly presented to the zoning board of appeals, which had jurisdiction to hear the appeal from the granting of the construction permit.
When a zoning board of appeals reviews a decision of a zoning enforcement officer, it hears and decides such an appeal de novo, and the action of the zoning enforcement officer that is the subject of the appeal is entitled to no special deference by the court. Caserta v. Zoning Board of Appeals, 226 Conn. 80, 87-89
(1993).
It is the board's responsibility to find the facts, and to apply the pertinent zoning regulations to those facts.Connecticut Sand Stone Corporation v. Zoning Board of Appeals,150 Conn. 439, 442 (1963)."In discharging this responsibility, a board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Molic v. Zoning Board ofAppeals, 18 Conn. App. 159, 165 (1989); Toffolon v. Zoning Boardof Appeals, 155 Conn. 558, 560-61 (1967). CT Page 8760
Because the board has given reasons for its action (Rec. 16, p. 2), a court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply, under the zoning regulations. Caserta v. Zoning Boardof Appeals, supra, 226 Conn. 86-87; Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676 (1989); DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541 (1970).
 IV THE ZONING BOARD OF APPEALS FOLLOWED PROPER PROCEDURE
The plaintiffs allege three procedural irregularities concerning the Gottmeiers' appeal: (1) the board acted outside the scope of the appeal based upon notice; (2) consideration of the issue was untimely, in light of the filing of the map on August 30, 1995 (Rec. 12(v)); and (3) the board lacked jurisdiction, because the issue of subdivision compliance is exclusively the province of the planning and zoning commission pursuant to § 8-26 of the General Statutes.
None of the procedural objections are persuasive.
The plaintiffs were aware that the defendant Gottmeier believed that the rear parcel, Parcel B, could not be developed because the claimed"first cut" was in reality an illegal subdivision (Rec. 12(s)).
All meetings of the board were properly noticed, and appraised interested parties of the issues to be presented (Rec. 2, 3, 4, 5 and 6).
The transfer of Parcel B to Ronald Goodridge in May of 1996 (Exhibit 1), cited in paragraph 2 of the appeal, is a specific reason given by the Gottmeiers in support of their objection to the issuance of the construction permit.
The plaintiffs were clearly on notice that the illegality of the subdivision was being cited as the reason why the construction permit should not be issued. They can not feign ignorance or surprise, based on the record.
A review of the record also confirms that appeal to the CT Page 8761 zoning board of appeals was timely, and that the defendant Gottmeier has not waived any right to challenge the action of the zoning enforcement officer.
The defendants correctly informed the zoning enforcement official, through counsel, that they believed that the division of the property by the defendant Taubert was a subdivision. They then timely challenged the issuance of a construction permit, the first action taken by the zoning enforcement official, since the recording of the map.
The plaintiffs' claim that § 8-26 of the Connecticut General Statutes prevents the zoning board of appeals from hearing a matter concerning an allegedly illegal subdivision is equally unpersuasive.
Although a zoning board of appeals does not adjudicate an initial land use application, it has jurisdiction to review those already acted upon by a municipal zoning commission or a zoning enforcement officer. Leo Fedus Sons Construction Co. v. ZoningBoard of Appeals, 225 Conn. 432, 445 (1993).
Here, the board was reviewing the action of a zoning enforcement officer, as it is specifically authorized to do by the terms of § 8-6 (a)(1) of the Connecticut General Statutes.
 V RECORD SUPPORTS FINDING THAT DIVISION WAS A SECOND CUT
The zoning board of appeals found that the construction permit could not be lawfully issued, because the parcel to be served by the permit did not comply with subdivision requirements.
The board specifically found that Parcel B was created by a"second cut" thus subjecting development of the property to Newtown's subdivision regulations.
Section 8-18 of the General Statutes defines"subdivision" as follows:
 the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision CT Page 8762 regulations by the commission, for the purpose, whether immediate or future, of sale or building development . . .
The Land Subdivision Regulations of the Town of Newtown were adopted in 1956.
There is no provision authorizing a planning and zoning commission to adopt a definition of subdivision which differs in any way from the statutory definition in § 8-18. PeninsulaCorporation v. Planning Zoning Commission, 151 Conn. 450, 452
(1964).
The Newtown Zoning Board of Appeals found that the sale of 0.005 acres to Julia Wasserman in 1969 (Rec. 12(i)), constituted a"first cut" of Parcel 2 on the map prepared for John E. Graham and Margaret G. Schultz, dated November 21, 1950 (Rec. 12(g)).
Since the grantee, Julia Wasserman, did not own any of the land prior to the conveyance in 1969, the zoning board of appeals believed that the 0.005 acre division, made for purposes of a sale, was a division of property as defined in § 8-18.
Therefore, the subsequent division of the parcel by the plaintiff, Albert Taubert, and the conveyance of Parcel B to Ronald K. Goodridge, constituted a "second cut" of the parcel, after adoption of the subdivision regulations in 1956.
There is ample evidence in the record to conclude that the division of property into two parcels in 1995 (Rec. 12(f) and 12 (v)), constituted a"second cut," and was a subdivision requiring submission to the planning and zoning commission.
Therefore, it is not necessary to consider the alternative theory advanced by the defendant Gottmeier, that a merger of the parcels occurred by virtue of a mortgage deed, dated August 5, 1968 (Rec. 12(n)).
The division of 0.005 acre as part of the sale to Julia Wasserman was a "part" of a larger parcel, within the meaning of § 8-18.
Clearly, consideration was exchanged, so there can be no doubt that the property was divided for purposes of sale. (Rec. 12(j)). CT Page 8763
The court concurs with the findings of the Newtown Zoning Board of Appeals, in that the failure of the plaintiffs to obtain subdivision approval, and a failure to comply with all zoning regulations, forms a sufficient basis for sustaining the appeal from the decision of the zoning enforcement officer.
Because it was improper for the zoning enforcement officer to issue a construction permit in the absence of approval of the subdivision by the planning and zoning commission, the plaintiff's appeal is DISMISSED.
Radcliffe, J.