[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Neil Mellen, Trustee, is the record owner of a 71.682 acre tract (ROR A-1), which is the subject of a subdivision application submitted to the defendant, Planning Commission of the Town of New Fairfield, on March 10, 1998.
The property is located in a R-2 (2 acre) residential zone, and is the same parcel previously approved for subdivision into 20 lots in 1990.
The project did not proceed, and the subdivision approval lapsed. (ROR — 1, pp. 6-8.)
The plaintiff, Gary Mead, is a contract purchaser for the property, having signed a contract to purchase in February, 1997.
Two Contract extensions, running through January 30, 2000, have been granted (Exhibit 3 and Exhibit 4).
The March 10, 1998 application sought approval for a 17 lot subdivision.
Revised plans were submitted on August 17, 1998, reducing the number of building lots requested from 17 to 15.
Public hearings on the proposed subdivision were conducted on June 22, 1998, July 27, 1998, August 17, 1998 and August 20, 1998.
The plaintiffs consented to requests for extensions of time.
The proposed subdivision received the approval of the New Fairfield Conservation Commission, sitting as the inland wetlands agency of the town (ROR B 1 and 2), and of the health department (ROR D-2).
Under the proposal, 14.773 acres are designated as open space, representing 21 percent of the total land to be subdivided CT Page 15750 (ROR M-1, p. 6).
All of the lots conform to the 2 acre standard required by zoning.
Access to the parcel is gained over Dick Finn Road, an existing town road, which was described as inadequate and badly in need of repair and improvement by citizens and officials of the Town of New Fairfield during public hearings (ROR D-11; ROR E-8).
In response to concerns voiced over the condition of Dick Finn Road, and the intersection of Dick Finn Road and Galloping Hill Road, the plaintiff, Gary Mead, agreed to undertake off-site improvements to Dick Finn Road, in connection with the application (ROR M-2, pp. 31-33).
Dick Finn Road is approximately 2,000 feet long, from its intersection with Galloping Hill Road, to its proposed junction with Rock Ridge court, a road proposed in conjunction with the subdivision.
The proposed street intersects with Dick Finn Road at a 90 degree angle (ROR M-4, p. 26; ROR L-11).
At its September 28, 1998 meeting, the defendant Commission voted to deny the subdivision application, and also refused to approve a waiver of § 3-1 (g) of the subdivision regulations.
Section 3-1 (g) requires that permanent dead end streets, "shall not exceed one-thousand eight-hundred (1,800) feet in length."
While maintaining that Rock Ridge Court complies with the subdivision regulation, the plaintiffs sought a waiver, based upon the contention that Dick Finn Road and the proposed Rock Ridge Court combined to form a dead end street, whose length, in the aggregate, is greater than 1,800 feet.
The present length of Dick Finn Road exceeds the standard for proposed streets found in § 3-1 (g) of the subdivision regulations. The waiver request was defeated (ROR M-5, pp. 37-38). Five reasons for denying the proposed subdivision were cited by the Commission (ROR H-11; ROR M-5, pp. 39-40).
CT Page 15751
 1. The proposed subdivision road, Rock Ridge Court, violates § 3-1 (g) of the subdivision regulations, because it exceeds 1,800 feet.
 2. The condition of Dick Finn Road, is a threat to the public health and safety, in violation of § 1.0(B)[1] of the regulations, specifically, the width of the road, and the site line at the intersection of Dick Finn Road and Galloping Hill.
 3. The likelihood of ice developing at the entrance to the subdivision in winter, based upon the 10 percent grade, in violation of § 1.0(B).
 4. The relative isolation of lots 8, 9, 10 and 11, 4,900 feet from Galloping Hill Road, making access to emergency vehicles difficult.
 5. The unwillingness of the applicant to merge a parcel consisting of 53,405 square feet into existing lots. This refusal was found to constitute poor planning.
Notice of the Commission's decision was published on October 1, 1998 (ROR F-11).
This appeal followed.
 AGGRIEVEMENT
A party claiming to be aggrieved must satisfy a well established two-fold test: (1) he must prove that he has a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest such as concern of all members of the community as a whole; and (2) he must show that his specific personal interest has been specifically and injuriously affect by the decision. Hall v. Planning Commission,181 Conn. 442, 444 (1980. Primerica Planning Zoning Commission,211 Conn. 85, 93 (1989).
Aggrievement is a jurisdictional matter, and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968). CT Page 15752
Ownership of the property which is the subject of the application, demonstrates a personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Commission, 203 Conn. 525, 530 (1987).
The plaintiff, Gary Mead, is a contract purchaser for the property sought to be subdivided.
As a contract purchaser of real property, he has an interest in the property, which is specifically and injuriously affected, based upon the denial of the application. Goldreyer v. Board ofZoning Appeals, 144 Conn. 641, 645-46 (1957); Shulman v. ZoningBoard of Appeals, 154 Conn. 426, 431 (1967).
Both plaintiffs are aggrieved by the decision of the defendant, Planning Commission of the Town of New Fairfield, based upon the denial of the subdivision application.
 STANDARD OF REVIEW
In reviewing a subdivision application, a planning commission acts in an administrative capacity, rather than in a legislative or quasijudicial capacity. RK Development Corporation v. Norwalk,156 Conn. 369, 372 (1968); Reed v. Planning Zoning Commission,208 Conn. 431, 437 (1988).
In passing upon a subdivision application, the commission s authority is limited to determining whether the plan before it complies with the regulations adopted for its guidance. Blakemanv. Planning Commission, 152 Conn. 303, 306 (1965); Langbein v.Planning Board, 145 Conn. 674, 679 (1958). If the plan conforms to the existing regulations, the commission has no discretion or choice but to approve it. Westport v. Norwalk, 167 Conn. 151, 157
(1974).
The action of the commission must be viewed in light of the record before it. Ferndale Dairy, Inc. v. Zoning Commission,148 Conn. 172, 176 (1961). A trial court can sustain an appeal only upon a finding that the decision of the commission was unreasonable, arbitrary, or illegal. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988).
Where a zoning authority has stated reasons for its decision, the question for the court to determine is whether the reasons assigned are reasonably supported by the record, and whether they CT Page 15753 are pertinent to the considerations which the commission is required to apply under the zoning regulations. DeMaria v.Planning Zoning Commission, 159 Conn. 534, 540 (1970); Zieky v.Town Plan Zoning Commission, 151 Conn. 265, 267-68 (1963).
If any of the stated reasons would support the action of the commission, the plaintiff's appeal must fail. CrescentDevelopment Corporation v. Planning Commission, 148 Conn. 145,150 (1961).
Because zoning ordinances are in derogation of the common law right of an owner of real property to use his property as he wishes, they are to be strictly construed. Planning ZoningCommission v. Craft, 12 Conn. App. 90, 96 (1987); Melody v.Zoning Board of Appeals, 158 Conn. 516, 521 (1969).
Although the position of a municipal agency is entitled to some deference; Coppola v. Zoning Board of Appeals,23 Conn. App. 636, 640 (1990); the interpretation of the provisions of a municipal ordinance is a question of law for the court. Pascalev. Board of Zoning Appeals, 150 Conn. 113, 116-17 (1962).
 SUBDIVISION APPROVAL MAY NOT BE DENIED BASED UPON CONDITION OF DICK FINN ROAD
The powers of a planning commission in the area of subdivision control, and the power to promulgate regulations, are set forth in § 8-25 of the Connecticut General Statutes.
Because the entire field of subdivision regulation is a creature of statute, the actions of a planning commission must have statutory authority to be effective. Finn v. Planning Zoning Commission, 156 Conn. 540, 545 (1968); PeninsulaCorporation v. Planning Zoning Commission, 151 Conn. 450, 452
(1964).
Section 8-25 of the Connecticut General Statutes empowers a planning commission to promulgate regulations for proposed streets, including the intersection of proposed streets with existing streets.
However, there is nothing in § 8-25 authorizing a planning commission to require a developer to improve an existing public highway, except where subdivision roads intersect with town accepted roads. Property Group, Inc. v. Planning ZoningCT Page 15754Commission, 29 Conn. App. 18, 23 (1992).
The commission seeks to justify its denial of the subdivision application, citing the width of Dick Finn Road, and the site line at the intersection of Dick Finn Road and Galloping Hill Road.
The defects in existing public highways are not part of the "land to be subdivided" as that provision of § 8-25 has been interpreted. Property Group, Inc. v. Planning ZoningCommission, 226 Conn. 684, 692-93 (1993).
The proposed subdivision is located in a two acre residential zone, and the proposed use is for single family dwellings. This establishes a conclusive presumption that the use does not adversely affect the area, and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district. Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370, 374 (1990); TLCDevelopment, Inc. v. Planning Zoning Commission, 215 Conn. 527,532 (1990).
The developer's offer to improve Dick Finn Road, while a laudable effort to assuage the concerns of the commission and interested citizens, cannot be imposed upon him by a commission whose powers are limited by its statutory authority.
The obligation to repair and build highways within a community, rests with the municipality, and not with the proposed subdivider. Pope v. Killing worth Planning Zoning Commission, Superior Court, judicial district of Middlesex, Docket No. 8239 (July 18, 1979, Charles S. House, State Referee) (5 Conn. Law Tribune 49 (1979); § 13a-99 of the General Statutes.
Unlike Friedman v. Planning Zoning Commission,222 Conn. 262, 266 (1992); and Barberino Realty Development Corporationv. Planning Zoning Commission, 222 Conn. 607 (1992), both cited as authority by the commission, approval for a site plan application was not before the commission.
Nor has any provision of the New Fairfield Plan of Development been "referenced, as controlling, based upon the record compiled before the commission (see Raybestos-Manhattan,Inc. Planning Zoning Commission of the Town of Trumbull,186 Conn. 446 (1987); Purtilll v. Town Plan Zoning Commission, CT Page 15755146 Conn. 570, 572 (1959). The record reveals that complaints concerning the condition of Dick Finn Road were unambiguously worthy. However, those legitimate grievances are more properly addressed to the municipal selectmen, rather than to the planning commission.
Legal recourse is also available, if the town should fail in its duty to keep the highway in repair, at the behest of six or more citizens. (See § 13a-103 of the General Statutes.)
The condition of Dick Finn Road is not a valid reason for the denial of the subdivision application.
 GENERAL PROVISIONS AND THE STATEMENT OF PURPOSE CANNOT PROVIDE A JUSTIFICATION FOR COMMISSION ACTION
The commission seeks to utilize § 1.0(B) of its subdivision regulations as the basis for denying the application.
It cites possible formation of ice, based on a grade of 10 percent, the "isolation" of several lots, and the failure of the plaintiff to "merge" 53,405 square feet shown on the subdivision map into existing lots.
Section 1.0(B) is titled "Purpose" and is a general statement declaring that the land to be subdivided:
 "Shall be of such character that it can be used for building purposes without danger to health and safety."
Subdivision regulations must contain known and fixed standards applying to all cases of a like nature, and must conform to the basic principle that a regulation, like a statute, cannot be too general in its terms. Sonn. v. Planning Commission,172 Conn. 156, 159-60 (1976).
General policy statements cannot form a sufficient basis for rejection of a subdivision application. TLC Development, Inc.Planning Zoning Commission, supra, 530 n. 3.
The grade to the entrance of the subdivision complies with the subdivision regulations. (ROR M-1, pp. 23-25.)
No specific section of the subdivision regulations is cited regarding the "isolation" of lots 8, 9, 10, and 11. CT Page 15756
Nor is any section of the subdivision regulations violated, based upon what the commission believes to be "poor planning, " failure to include the 53,405 square foot parcel in the existing lots.
The parcel is specifically designated: "not to be considered as a building lot."
No authority is cited, which would permit the commission to require the applicant to merge this parcel into existing parcels which conform to the regulations.
 THE PROPOSED SUBDIVISION COMPLIES WITH SECTION 3.1(g) OF THE SUBDIVISION REGULATIONS
The final reason cited by the commission in support of its denial of the subdivision application alleges a failure to comply with § 3.1(g) of the subdivision regulations.
That section reads:
 "Maximum length." Permanent dead end streets shall not exceed one thousand eight hundred (1,800) feet in length.
The commission argues that by combining the existing length of Dick Finn Road with that of the proposed road, Rock Ridge Court, the 1,800 standard is exceeded.
The length of Rock Ridge Court is 1,740 feet, while the existing portion of Dick Finn Road exceeds 2,000 feet in length.
Section 3.1 of the regulations deals with "DESIGN STANDARDS," and states: "proposed streets shall meet the design standards set forth below."
The clear wording of the provision indicates that the section applies to proposed streets and not to existing town roads.
The commission s attempt to argue that Dick Finn Road and Rock Ridge Road constitute one street, rather than two streets, is contrary to the record.
The proposed Rock Ridge Court intersects at a 90 degree angle (ROR J-1), and the commission specifically declined to include in CT Page 15757 its reasons for denying the application any violation of the town road ordinance.
To accept the commission's construction of the regulation, would be to effectively preclude development of the 71 acre parcel, except as a single building lot.
When two constructions of an ordinance are possible, courts will adopt the one which makes the ordinance effective and workable, and not the one which leads to difficult and bizarre results. Muller v. Town Plan Zoning Commission, 145 Conn. 325,331 (1958). The unreasonableness of the result obtained by the acceptance of one possible construction or interpretation, is a reason for rejecting that interpretation or construction, in favor of another which would provide a result which is more reasonable. Maciejewski v. West Hartford, 194 Conn. 139, 151-52
(1984).
Because zoning ordinances are in derogation of the common law right of an owner of real property to use his property as he wishes, they are to be strictly construed. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 153 (1988). The interpretation of the provisions of a municipal ordinance, is a question of law for the court. Pascale v. Board of Zoning Appeals, 150 Conn. 113,116-17 (1962).
The proposed subdivision complies with the provisions of § 3.1(g) of the subdivision regulations, and it was therefore unnecessary for the applicant to either seek or obtain a waiver of the provision.
Because the subdivision plan as proffered complies with the applicable regulations, it is not necessary to decide whether the commission's decision, if permitted to stand, would constitute a taking of the plaintiff's property.
The appeal of the plaintiffs, Gary Mead and Neil Mellen, Trustee, is sustained, and the defendant, Planning Commission of the Town of New Fairfield, is ordered to approve the subdivision application, as submitted.
Radcliffe, J.