[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, Clara K. Miller, Paul Knapik and Anthony Bonacci, instituted two appeals from decisions of the defendant, Zoning Board of Appeals of the Town of Newtown, rendered on June 7, 1999 (ROR 6).
The appeals, which involve common issues of law and fact, were consolidated for purposes of trial.
The record compiled before the Zoning Board of Appeals in each case is identical.
The Zoning Board of Appeals' decisions followed appeals initiated by the plaintiffs, concerning actions taken by the Newtown zoning enforcement officer.
The issues presented before the board, at a hearing conducted following receipt of the plaintiffs' appeal, involve the history of the "Arlyn Hollow" subdivision approved in 1988.
At that time, Arthur J. Bennett, the owner of an 87 acre tract, CT Page 3116 subdivided his property into sixteen (16) building lots.
On April 7, 1988, the Newtown Planning Zoning Commission approved for recording a map, prepared for Arthur J. Bennett, entitled: "Arlyn Hollow Subdivision Map, Brushy Hill Road 
Platts Hill Road," (Map #5938.)
The subdivider, Arthur J. Bennett, resides on Lot 4, as shown on the map.
A notation is printed on the subdivision map concerning three structures on the portion of the subdivision designated Lot 3.
The notation reads: "existing structures to be removed."
Two of the structures depicted on the 1988 subdivision map have been removed,
Only a large garage shown on the map, and contained entirely within the boundary of Lot 3, remains.
The plaintiffs, Paul Knapik and Anthony Bonacci, each own one of the lots created by the 1998 subdivision (Ex. 1 and Ex. 3).
The plaintiff, Clara K. Miller, owns property across the street from Lots 3 and 4.
In 1992, Arthur J. Bennett conveyed Lot 3 to his son, Dennis Bennett, and his daughter-in-law, Joan Bennett (ROR 1 b).
In 1998, Dennis and Joan Bennett sought and obtained a building permit for the purpose of constructing a dwelling on Lot 3.
After the permit was issued and some construction had begun, questions were raised concerning the notation on the subdivision map requiring the removal of "existing structures."
Dennis and Joan Bennett proceeded with the construction despite issues relating to their alleged zoning noncompliance raised by the chairman of the Planning Zoning Commission (ROR 1b (E)), and the acting zoning enforcement officer (ROR 1b (F)).
The dwelling on Lot 3 was completed in late 1998.
On December 2, 1998, the zoning enforcement officer refused to CT Page 3117 issue a certificate of zoning compliance for the completed dwelling on Lot 3.
Therefore, in order to satisfy the zoning enforcement officer, and allow the issuance of a certificate of zoning compliance, a lot line revision map entitled: "Lot Line Revision Map Lots 3 and 4 `Arlyn Hollow' Subdivision Platts Hill Road, Newtown, Connecticut" was prepared.
The revised map was dated January 18, 1999, and was recorded on February 4, 1999 (ROR 1b (C), Map 7177).
The effect of the lot line revision was to place the garage on Lot 4, property owned by the original grantor, Arthur J. Bennett.
In light of the removal of the structure from Lot 3, the zoning enforcement officer issued the certificate of zoning compliance to Dennis and Joan Bennett.
The plaintiffs instituted a timely appeal to the Newtown Zoning Board of Appeals, challenging the issuance of the certificate of zoning compliance.
In a second appeal, the plaintiffs maintained that the lot line revision constituted a resubdivision of property, as the term is defined in § 8-18[1] of the Connecticut General Statutes, and therefore required the approval of the Planning Zoning Commission.
A hearing concerning both appeals was held on April 7, 1999 (ROR 5).
Following the hearing, the Zoning Board of Appeals denied both of the plaintiffs' appeals, from which decisions these appeals were instituted.
In Docket No. CV99-0336276 S, the plaintiffs claim that the certificate of zoning compliance should not have issued, based CT Page 3118 upon the failure to comply with the notation on the subdivision map.
The plaintiffs have challenged the lot line revision in Docket No. CV99-0336277 S, claiming that the lot line revision map constitutes a resubdivision of property, requiring its submission to the planning and zoning commission for approval.
 AGGRIEVEMENT
The property owned by Paul Knapik at 55 Platts Hill Road and that property owned by Anthony Bonacci at 45 Platts Hill Road, both abut the property which is affected by the lot line revision.
The plaintiff, Clara K. Miller, owns property at 48 Platts Hill Road, across the street from the property in question.
Section 8-8 (a)(1) of the Connecticut General Statutes defines an "aggrieved person" to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The phrase "any portion of the land involved in the decision," concerns the complete tract, rather than any specific portion containing the particular activity at issue. Caltabiano v.Planning Zoning Commission, 211 Conn. 662, 668-70 (1989).
Since all of the plaintiffs own land which abuts or is within 100 feet of the property subject to the lot line revision, they are statutorily aggrieved by the decisions of the Newtown Zoning Board of Appeals.
It is therefore unnecessary to consider whether any or all of the plaintiffs could demonstrate classical aggrievement.
 STANDARD OF REVIEW
Section 8-6 (a)(1) of the Connecticut General Statutes provides that a zoning board of appeals is empowered to:
 [H]ear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of CT Page 3119 this chapter. . . .
When determining an appeal from a decision of a zoning enforcement officer, the zoning board of appeals is possessed of liberal discretion. Caserta v. Zoning Board of Appeals,28 Conn. App. 256, 258 (1992). Its action is subject to review by a court only to determine whether it has acted arbitrarily, illegally or unreasonably. Lawrence v. Zoning Board of Appeals, 158 Conn. 509,514 (1969); Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 50 (1984).
When a zoning board of appeals reviews a decision of a zoning enforcement officer, it hears and decides such appeal de novo.Caserta v. Zoning Board of Appeals, 226 Conn. 80, 87-89 (1993).
A reviewing court may not substitute its judgment for that of a zoning authority, so long as the board's decision reflects an honest judgment reasonably arrived at based upon all the facts.Willard v. Zoning Board of Appeals, 152 Conn. 247, 249 (1964);Jaser v. Zoning Board of Appeals, 43 Conn. App. 545, 548 (1996).
The burden of proving that the zoning authority acted improperly is on the plaintiffs. Pleasant View Farms Development,Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70 (1991).
 LOT LINE REVISION WAS NOT A RESUBDIVISION
Section 8-18 of the Connecticut General Statutes defines a "resubdivision" as:
 [A] change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map. . . .
The entire field of subdivision regulation is a creature of statute, and there is no provision in statute authorizing a planning and zoning commission to adopt a definition of resubdivision which in any way differs from the statutory definition. Peninsula Corporation v. Fairfield Planning ZoningCommission, 151 Conn. 450, 452 (1964). CT Page 3120
Applying the § 8-18 definition of a resubdivision to the lot line revision which was before the Newtown Zoning Board of Appeals, demonstrates that the lot line change has none of the statutory characteristics of a resubdivision.
It does not affect the layout of any street, and has no impact upon any area reserved for public use.
The plaintiffs argue that the effect of the lot line revision is to create an additional building lot, because the presence of the garage on Lot 3 precluded any building on the parcel.
The Newtown Zoning Board of Appeals specifically found that the revision did not create a new lot (ROR 6), but merely freed an existing building lot from any zoning violations.
The same result would have been accomplished without the lot line revision, had the garage been demolished.
Prior to the passage of Public Act 221 in 1967, a resubdivision included any change in a map which diminished the size or any lot shown on the map. Purtill v. Town Plan Zoning Commission,146 Conn. 570, 572 (1959).
The 1967 amendment allowed for an adjustment of boundaries, without the necessity of filing a resubdivision application.Gagnon v. Planning Commission, 24 Conn. App. 413, 421 (1991).
Both the record and the language of § 8-18 of the Connecticut General Statutes support the Zoning Board of Appeals' conclusion that an additional building lot was not created by the lot line revision, and the lot line revision did not constitute a resubdivision.
Therefore, the map was properly filed and approved.
The plaintiffs make no claim that any zoning violation existed on Lot 3, once that lot was reconfigured by the lot line revision.
Because no violations existed, the certificate of zoning compliance was properly issued by the zoning enforcement officer.
Assuming, without deciding, that the presence of the garage constitutes a zoning violation, in light of the notation on the 1988 subdivision map, that violation has no effect upon Lot 3, following the lot line revision.
Both appeals are, therefore, dismissed.
Radeliff, J.