[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, Gennaro Giovacchino, brings this appeal following action by the Zoning Board of Appeals of the Town of Seymour, granting two variances concerning property located at 145 Old Ansonia Road, Seymour, Connecticut.
The defendants, John Sedor and Wanda Sedor, are the owners of the subject property, and reside in a single family dwelling located on the parcel.
The property is located in an R-40 residence zone.
Existing zoning regulations of the Town of Seymour require conforming building lots in an R-40 zone to contain 40,000 square feet, and mandate sideline setbacks of 25 feet, 150 feet of lot frontage, and a lot square of 150 by 150 feet.
145 Old Ansonia Road contains 25,244 square feet.
John and Wanda Sedor seek, through the granting of variances, permission to divide the existing lot into two lots containing 14,644.53 CT Page 4832 square feet and 10,600.03 square feet.
The Ansonia Assessor's Map (Exhibit 2) shows the proposed lot division, as well as the dimensions of lots in the immediate vicinity.
Variances were sought for both of the proposed parcels, Parcel A (ROR Ex. A-1) and Parcel B (ROR Exh. A-2).
For proposed Parcel A, which contains the existing dwelling, approvals were sought for a lot area variance, a lot frontage and lot width variance, and a lot square and side yard variance.
For Parcel B, a contemplated building lot for a single family residence, the defendants sought a lot area variance, a lot square variance, a side yard variance, and a variance of the required setback from Potter Road.
The plaintiff resides at 27 Potter Road, across the street from 145 Old Ansonia Road.
A public hearing concerning the requested variances was convened on June 1, 2000, and reconvened on August 3, 2000.
At its August 3, 2000 meeting following the public hearing, the defendant Zoning Board of Appeals voted, 4-0, to grant both variance requests (ROR B-3).
The board failed to state, either individually or collectively, any reasons for its decision.
Notice of the approvals was published on August 9, 2000, and the plaintiff commenced this timely appeal.
In his appeal, the plaintiff asserts that the record does not support the granting of the variances, and that the action of the board represents an authorization of an expansion of a nonconforming use.
The plaintiff also asks the court to find that § 1.3(d)[1] of the Seymour Zoning Regulations, is invalid.
AGGRIEVEMENT
The plaintiff, Gennaro Giovacchino, is the owner of property at 27 Potter Road, which is located across the street from the property which is the subject of the variances (Exhibits 1 2). CT Page 4833
Section 8-8 (a)(1) of the Connecticut General Statutes, defines an aggrieved person to mean one owning land that abuts or is with in a radius of 100 feet of any portion of the land involved in the decision of the board."
As the owner of property separated from 145 Old Ansonia Road by a public street, the plaintiff is aggrieved by the decision of the Zoning Board of Appeals of the Town of Seymour.
Because the plaintiff has established statutory aggrievement, it is unnecessary to determine whether he can also demonstrate classical aggrievement. McNally v. Zoning Commission, 225 Conn. 1, 8 (1993).
STANDARD OF REVIEW
A zoning board of appeals is endowed with liberal discretion, and its decisions are subject to review by the courts only to determine whether the board acted arbitrarily, illegally, or unreasonably. Pleasant ViewFarms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269
(1991); Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50
(1984).
The burden of demonstrating that the board acted arbitrarily, illegally, or in abuse of its discretion, is on the party seeking to overturn the board's decision. Red Hill Coalition, Inc. v. ConservationCommission, 212 Conn. 710, 718 (1989); Whittaker v. Zoning Board ofAppeals, 179 Conn. 650, 654 (1980); Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
A court should not usurp the function and prerogatives of a zoning board of appeals by substituting its judgment for that of the board, where an honest judgment has been reasonably and fairly exercised after full hearing. Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206
(1995).
Where a zoning board of appeals, as required by § 8-7[2] of the Connecticut General Statutes, has stated reasons for its actions, a reviewing court need only determine if any reason given is supported by the record. Daughters of St. Paul, Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 56 (1988).
However, even if the board has failed to state reasons for the record, in accordance with the statutory requirement, a court is obligated to search the record, to determine whether there is a basis for the board's decision. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369 (1988);Protect Hamden/North Haven from Excessive Traffic Pollution, Inc.CT Page 4834v. Planning Zoning Commission, 220 Conn. 527, 544-45 (1991).
POWERS OF THE ZONING BOARD OF APPEALS
An administrative agency possesses only those powers expressly granted to it by statute. Finn v. Planning Zoning Commission, 156 Conn. 540,545 (1968); Peninsula Corporation v. Planning Zoning Commission,151 Conn. 450, 452 (1964).
Its powers are derived from and limited by the law from which it obtains its power. Celentano v. Zoning Board of Appeals, 149 Conn. 671,677 (1962).
The powers of a municipal zoning board of appeals, concerning the granting of variances, are found in § 8-6 (3) of the Connecticut General Statutes.
That section permits a zoning board of appeals":
 ". . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience and property values solely with respect to a parcel of land where, owing to conditions especially affecting that parcel but not affecting generally the district in which it is situated, a literal enforcement of the zoning laws, ordinances or regulations would result in exceptional difficulty or unusual hardship."
In order for a variance to be granted, an applicant must prove both 1) that the variance will not substantially affect the comprehensive plan, and 2) the strict adherence to the letter of the zoning ordinance will cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323,326 (1978); Pike v. Zoning Board of Appeals, 31 Conn. App. 270, 273
(1993).
A variance runs with the land. Reid v. Zoning Board of Appeals,235 Conn. 850, 858 (1996); § 8-6 (b), C.G.S., and must be based only on property conditions. Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239 (1972).
The identity of the applicant, is irrelevant. Dinan v. Board of ZoningAppeals, 220 Conn. 61, 66-67 (1991). CT Page 4835
RECORD FAILS TO SUPPORT GRANTING OF VARIANCES
A variance can not be granted, where it impairs the integrity of the comprehensive plan. Whittaker v. Zoning Board of Appeals, Supra, 656. The comprehensive plan consists of the zoning regulations themselves. Burnhamv. Planning Zoning Commission, 189 Conn. 261, 267 (1983).
A review of the record reveals that some of the lots in the immediate area of the subject property are smaller than the proposed Parcel A and Parcel B (ROR Tr. p. 8 9).
Board member Thomas Cherry inspected the area, and stated that the proposed lot sizes were in compliance with the general area (ROR Tr. p. 15).
Evidence obtained by board members can be considered by the board, if based on personal observation. Cole v. Planning Zoning Commission,40 Conn. App. 501, 509 (1996).
Both of the lots, as proposed, would have access to sanitary sewers, unlike some of the smaller lots in the vicinity (ROR Tr. p. 32).
No evidence was offered at either of the public hearings by any neighbor or citizen opposed to the granting of the variances (ROR Tr. p. 34-35).
The record compiled before the defendant zoning board of appeals, therefore, supports a finding that the proposed creation of two building lots, does not substantially affect the comprehensive plan, and is in harmony with the general purposes of the regulations.
Hardship, however, is another matter.
The granting of a variance, because it permits a property owner to use his property even though a violation of the zoning regulations will result, is reserved for unusual or exceptional cases. Bloom v. ZoningBoard of Appeals, supra, 206-07; Ward v. Zoning Board of Appeals,153 Conn. 141, 145 (1968).
To support a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district, and must be imposed by conditions outside the property owner's control. Norwood v. Zoning Board of Appeals, 62 Conn. App. 528, 533
(2001).
The applicants must show that the zoning regulations work a distinct CT Page 4836 hardship on their property, and not merely a general hardship on the neighborhood at large, or the community. Pike v. Zoning Board ofAppeals, supra, 273-74; Malmstrom v. Zoning Board of Appeals, 152 Conn. 385,390 (1965); Finch v. Montanan, 143 Conn. 542, 546 (1956).
Hardships which are personal to the applicant, however compelling from a human standpoint, do not provide sufficient grounds for the granting of a variance. Garibaldi v. Zoning Board of Appeals, supra, 239-240; Gangemiv. Zoning Board of Appeals, 54 Conn. App. 559, 564 (1999).
Merely because an applicant might suffer an economic hardship, or be financially inconvenienced, can not form the basis for a hardship, except in those extreme circumstances where the regulations have a confiscatory affect, or render the property in question practically useless.Giarrantano v. Zoning Board of Appeals, 60 Conn. App. 446, 453 (2000);Grillo v. Zoning Board of Appeals, supra, 369; Krejpcio v. Zoning Boardof Appeals, 152 Conn. 657, 662 (1962).
Nor may a variance be justified, by claiming that another parcel, under the same or similar circumstances, had received a variance in the past.Ward v. Zoning Board of Appeals, supra, 146.
Here, a thorough search of the record fails to reveal any facts which would provide a basis for a finding of hardship.
The only reasons advanced in support of the variances are personal to the applicant, and involve family or financial considerations.
The effect of the granting of the variances is to divide a lot which is already nonconforming, and make two lots which are both nonconforming to a greater degree.
It should be noted, that any fair reading of the record, will evoke feelings of sympathy, and can not help but arouse emotions favorable to John and Wanda Sedor.
The variances were designed to ease the financial burden on a couple in their eighties, struggling to remain a part of a community in which they have lived, and to which they have contributed for many years.
The record demonstrates a genuine concern by the defendants for family values, including a desire to help their children and grandchildren find housing nearby.
There is no evidence in the record that the plaintiff, or any other property owner in the immediate area, would suffer any diminution in the CT Page 4837 value of their property, due to increased congestion, or as a result of anything which would flow from the granting of the variances.
However, the court is constrained to apply the law as written and interpreted, and can not disregard settled principles because the result might be distasteful, or appear to lack a sense of empathy or compassion.
SECTION 1.3(d) PROVIDES GUIDANCE TO THE ZONING BOARD OF APPEALS
The plaintiff has requested that § 1.3(d) of the Seymour Zoning Regulations be declared invalid on its face.
Such action is neither necessary for the proper determination of this appeal, nor mandated, based upon a review of the record.
While § 1.3(d) can not provide the sole basis for the granting of a variance, in the absence of a showing of hardship, the regulation can serve as a guide and can give direction to the zoning board of appeals in deciding whether a given request for a variance is consistent with the comprehensive plan.
The section is a recognition by the drafters of the regulations, that circumstances may arise, where the granting of a variance would not impair the integrity of the comprehensive plan, notwithstanding the fact that lot width and lot area specifications do not conform to existing regulations.
Although the section can not provide the basis for the granting of a variance, as the defendants have urged, it represents a statement of public policy which is not invalid on its face, and may be helpful to zoning board of appeals members in the discharge of their duties and responsibilities.
Because the record fails to reveal a legally cognizable hardship, the appeal of the plaintiff, Gennaro Giovacchino, is SUSTAINED.
RADCLIFFE, J.